## Fahey, Appellant, *v.* Kennett Square Borough.

*Boroughs—Waters—Sale of water—Act of April 10, 1873, P. L.* 731.

Under the Act of April 10, 1873, P. L. 731, a borough may deliver water which it takes from a stream, to a railroad company within the limits of the borough for use on its locomotives, and also to an owner of property in the borough, who pipes some of the water to his greenhouses upon a portion of the same property lying outside the borough.

Argued Nov. 16, 1909. Appeal, No. 62, Oct. T., 1909, by plaintiffs, from judgment of C. P. Chester Co., Jan. T., 1909, No. 88, for defendant non obstante veredicto in case of John Fahey et al. v. Kennett Square Borough. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass for diversion of water from a stream.

At the trial the jury returned a verdict for plaintiffs for $1.00. Subsequently on a rule for judgment non obstante veredicto, BUTLER, J., filed the following opinion:

The facts in the case are free from dispute, and without discussion of the legal questions, a verdict was directed for the plaintiff, so that after a full examination the case might finally be disposed of without another submission to a jury.

The plaintiff is a lower riparian owner upon a stream from which the defendant takes its water supply. It is conceded that under the Act of April 10, 1873, P. L. 731, the defendant is authorized to take an unlimited quantity of water from the stream in question for the purpose of introducing a sufficient supply within its limits for the use of its people and its general needs. It appears that of the water thus taken some is sold and delivered within the borough to the Penna. R. R. Co. for use in its locomotives, its tracks passing through the borough, and in one instance water is delivered to a property within the borough; and some of it is then piped by the owner to his greenhouses which are upon a portion of the same property lying outside of the borough.

The plaintiff contends that the defendant is without authority to furnish water for use outside of the borough, and that to the extent it does so, in the two cases recited, it is unlawfully depleting the stream and is answerable in this action of trespass. Apart from other consideration, we think the plaintiff fails to make out a case because we are of the opinion that the furnishing of water, challenged by the plaintiff, is a proper, lawful exercise of the authority conferred upon the defendant by the recited act. In such instance the water is delivered to and becomes the property of the consumer, within the borough, and the fact that in its consumption and use by them, some of it is carried out of the borough, is unimportant. The reasoning, and views of the court, presented in Bland v. Tipton Water Co., 222 Pa. 285, so fully sanction the action of the defendant here, that it would be idle for us to attempt any further demonstration. We may say that if the defendant should enter into a contract to furnish water within the borough, to one who would not himself consume it, but would pipe, or otherwise convey it away for the purpose of retailing it to others, a different question, requiring a different decision, might be presented.

The rule for judgment, notwithstanding the verdict, is made absolute.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*J. Frank E. Hause*, for appellants.

*A. M. Holding*, for appellee.

OPINION BY MORRISON, J., April 18, 1910:

In this case a verdict was taken for the plaintiff, the learned court overruling a point presented by defendant's counsel, asking for a binding instruction in favor of the defendant. The action of the court in refusing said point was duly excepted to and the learned court at once granted a rule to show cause why judgment should not be entered in favor of the defendant non obstante veredicto.

Subsequently, after argument, the court made the rule absolute and entered judgment for the defendant, and granted an exception to the plaintiff. The opinion of the learned court below and the case of Bland v. Tipton Water Co., 222 Pa. 285, so completely vindicate the judgment in the present case that it would be idle for us to attempt any further demonstration of the correctness of the judgment. The reporter will see that the opinion of the court below is printed in the report of the case.

The assignments of error are all overruled and the judgment is affirmed.